UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                Plaintiff,

   -against-                                   6:12-CV-0309 (LEK/DEP)

JEROME JAQUISH,

                Defendant.

## DECISION and ORDER

**I.     INTRODUCTION**

On February 23, 2012, Plaintiff commenced this action alleging that Defendant Jerome Jaquish ("Defendant") defaulted on promissory notes. Dkt. No. 1 ("Complaint"). Currently before the Court is Plaintiff's Motion for a default judgment brought under Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. No. 7 ("Motion").

**II.    BACKGROUND**

Defendant is a resident of Herkimer County, New York. Compl. ¶ 1. The Complaint alleges that Defendant executed promissory notes to secure loans from the Department of Education and that he has failed to repay the loans in full. See generally id. Plaintiff alleges that the current principal after application of all prior payments, credits, and offsets is $5012.52; that the current capitalized interest balance and accrued interest is $5826.34; and that the total amount owed by Defendant to Plaintiff (the sum of the two prior dollar amounts) is $10,838.86. Id. ¶ 2. Defendant did not file an answer to the Complaint, and on March 22, 2012, Plaintiff filed a Request for an entry of default. Dkt. No. 4. On March 26, 2012, the Clerk of the Court filed an Entry of default against Defendant. Dkt. No. 6. In its Motion, Plaintiff additionally requests that the Court order

that Plaintiff is entitled to recover a $25 fee for "service and travel" per 28 U.S.C. § 1921.  Mot. at 4.

**III.    DISCUSSION**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'"  United States v. Simmons, No. 5:10-CV-1272, 2008 WL 685498, at *2 (N.D.N.Y.  Mar. 2, 2012) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).  "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default."  Id. (internal quotation marks omitted); see also FED. R. CIV. P. 55(a).  "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'"  Simmons, 2008 WL 685498, at *2 (quotation omitted).  "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'"  Id. (quotation omitted); see also FED. R. CIV. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability."  Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); see also Bravado Int'l, 655 F. Supp. 2d at 189.  "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought."  Robertson, 2008 WL 2519894, at *3.  "The

burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quotation omitted).

The moving party also must include an affidavit setting forth that: (1) the responding party is not an infant, incompetent, or in the military service; (2) the responding party has defaulted in appearance in the action; (3) service was properly effected under Rule 4 of the Federal Rules of Civil Procedure; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. See N.D.N.Y. L.R. 55.2(a).

Here, Plaintiff has failed to comply with the Federal and Local rules, and so the Court denies Plaintiff's Motion without prejudice. Plaintiff has failed to accompany its Motion with an affidavit satisfying Local Rule 55.2(a)'s fourth and fifth requirements listed above. See Mot. at 6, 8. If Plaintiff wishes to file a new motion for default judgment, it must do so within 30 days. Its new motion must comply with the Federal and Local Rules of Procedure and must contain the supporting documentation required by statute and rule.

**IV.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 7) is **DENIED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to file a new motion for default judgment, it must do so **within thirty (30) days**. Its new motion must comply with the Local Rules and the Federal Rules

of Civil Procedure and must contain the supporting documentation required by statute and rule; and it is further

    **ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

    **IT IS SO ORDERED**.

DATED:    February 13, 2013
              Albany, New York

              _____
              Lawrence E. Kahn
              U.S. District Judge